**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

JEFFREY A. WOLGAST,

    Plaintiff,

v.

TAWAS POLICE AUTHORITY;
POLICE CHIEF DENNIS FRANK;
SERGEANT STEVEN PARENT; and
CORPORAL JOHN RICHARDS,
formerly of the Tawas Police Authority,

    Defendants.
_____/

CASE NO: 05-CV-10278-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES E. BINDER

## ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY

    This order is entered under the authority given to this
Magistrate Judge by an Order of Reference issued by District
Judge David M. Lawson pursuant to 28 U.S.C. § 636(b)(1)(A).

    On December 5, 2005, this Court directed Defendants to file an initial dispositive motion based on their affirmative defenses. In the notice that instructed Defendants to file such a motion, the parties were advised that the United States Supreme Court has held that the question of qualified immunity must be initially addressed prior to discovery. *See Harlow v Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). In the notice, the parties were also advised that other affirmative defenses raised by Defendants are to be brought forward in a dispositive motion <u>prior</u> to the commencement of discovery.

    In their Motion to Stay Discovery filed February 17, 2006, Defendants ask that the Court formally stay discovery pending resolution of their dispositive motion. In his response, Plaintiff opposes the motion for several reasons, one of them being that now is not the proper time to restrict discovery. The Supreme Court case cited above specifically directs, however, that discovery should not be allowed until certain threshold questions regarding qualified

immunity are resolved, as qualified immunity is not just an immunity from liability, but also an immunity from the burdens of discovery and trial.  *Id.*

Accordingly, Defendants' Motion to Stay Discovery is **GRANTED**.  Should this case survive the initial dispositive motion, the Court will hold a status conference to set new deadlines for preparing the case for trial.

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

                                                       s/ *Charles E Binder*
                                                      CHARLES E. BINDER
Dated: February 28, 2006                     United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on G. Gus Morris, and served on Jeffrey Wolgast by first class mail.

Date:  February 28, 2006            By     s/Jean L. Broucek
                                                    Case Manager to Magistrate Judge Binder