**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**


JEFFREY A. WOLGAST,

       Plaintiff,

v.

SERGEANT STEVEN PARENT, and
CORPORAL JOHN RICHARDS,

       Defendants.

CASE NO. 05-CV-10278

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

_____/


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT
AFTER REMAND FROM THE SIXTH CIRCUIT**
(Doc. 87 )


**I.    RECOMMENDATION**

      For the reasons set forth below, **IT IS RECOMMENDED** that Defendant Richards' motion

for summary judgment (Doc. 87) be **DENIED**.


**II.    REPORT**

      **A.    Introduction and Procedural History**

      By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned

Magistrate Judge for general case management on November 14, 2005. The case was reassigned

from U. S. District Judge David Lawson to U. S. District Judge Thomas Ludington on September

12, 2006. A previous Report and Recommendation recommending that the Court grant in part and

deny in part Defendants' motion for summary judgment was adopted on September 7, 2006. (Doc.

26, 35.)  As a result, Defendants Tawas Police Authority and Dennis Frank were terminated from the case.  At that time, the following claims remained against Defendants Parent and Richards: (I) First Amendment retaliation; (II) unlawful arrest under 42 U.S.C. § 1983; (III) false imprisonment under 42 U.S.C. § 1983; and (IV) malicious prosecution in violation of Michigan law.

A second R&R (Doc. 92) was filed on October 24, 2007, regarding Plaintiff's motion for summary judgment and Defendants' motion for summary judgment. (Docs. 66, 87.)  That R&R was adopted in part and rejected in part on April 11, 2008. (Doc. 101.)[1]  As a result of that Order, Defendant Parent was dismissed from the case and the only remaining claims were violations of 42 U.S.C. § 1983 (First Amendment retaliation,  unlawful arrest, and false imprisonment), and the state law claim of malicious prosecution, all against Defendant Richards.  An appeal was taken by Defendant Richards on May 8, 2008. (Doc. 102.)  On August 9, 2010, the Sixth Circuit issued its opinion dismissing in part, vacating in part, affirming in part and remanding for further proceedings. (Doc. 113.)  The only portion of the district court opinion vacated and remanded regarded the state law claim of malicious prosecution, noting that during the time between the district court's order of April 11, 2008, and the Sixth Circuit opinion of August 9, 2010, the Michigan Supreme Court decided *Odom v. Wayne County*, 482 Mich. 459, 760 N.W.2d 217 (2008)

---

[1]Although the Order adopted the outcome recommended in the R&R, its analysis diverged with the R&R on one point: "Plaintiff has not indicated any admissible evidence indicating that Defendant Richards inclusion of the statement that Dispatcher Soroka stated that the voice on the 911 call sounded like Plaintiff was done with reckless disregard for the truth.  Nor has Plaintiff demonstrated with admissible evidence that the statement itself is not true." (Doc. 101 at 9.)  The R&R had found the following impeachment evidence probative in support of Plaintiff's opposition to summary judgment: Dispatcher Soroka had initially told Plaintiff that she told "whoever asked" that she had spoken with Plaintiff in the past and that the person calling in the bomb threat "did not sound like [Plaintiff] at all" and Dispatcher Golimbieski told Plaintiff that she informed Defendant Richards that the caller was "too young" to be Plaintiff and that although Plaintiff was "always cordial" the caller swore and raised his voice. (Doc. 92 at 12, n.5.)

2

which modified Michigan's governmental qualified immunity test. Therefore, the Sixth Circuit remanded the instant case for the court to apply the *Odom* standard to the state law malicious prosecution claim. Therefore, this R&R addresses only Defendant Richards' summary judgment motion with respect to the state law malicious prosecution claim.

An Order lifting stay and for further proceedings and setting forth a supplemental briefing schedule, was entered on September 15, 2010. (Doc. 115.) Defendant Richards filed his supplemental brief which renewed his motion for summary judgment (Doc. 87) on October 4, 2010 (Doc. 116,) Plaintiff Wolgast filed his supplemental brief on October 25, 2010 (Doc. 117,) and Defendant Richards replied on November 4, 2010. (Doc. 118.) The factual background has been stated in some detail in previous R&Rs and will not be restated here. Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), the motion is ready for Report and Recommendation without oral argument.

**B.  Summary Judgment Standards**

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's

evidence.  *Matsushita*, 475 U.S. at 587-88.  Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof.  *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts."  *Moore v. Philip Morris Cos*., 8 F.3d 335, 339-40 (6th Cir. 1993).  When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist.  *Street*, 886 F.2d at 1479-80.  Instead, the court will rely upon the "facts presented and designated by the moving party."  *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992).  The Sixth Circuit explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party:  seeking out facts, developing legal theories, and finding ways to defeat the motion."  *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52).  Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.

### C.      Analysis and conclusions

### 1.     Prosecutorial Discretion Defense

As noted by the Sixth Circuit, for the first time, [Defendant] raises another argument - that the prosecutor's exercise of independent discretion in initiating and maintaining a prosecution is a complete defense to an action for malicious prosecution." (Doc. 113 at 15.) The Sixth Circuit stated that "because the district court has not yet had the opportunity to consider this argument [regarding the prosecutorial-discretion defense], we will not evaluate it for the first time here." (Doc. 113 at 16.) Defendant persists in this argument, as discussed below. (Doc. 118.)

I suggest that since Defendant did not raise this issue before this Magistrate, the issue can be considered waived. *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)(citing case that collected cases holding that "issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived"); *United States v. Dyer*, 580 F.3d 386, 392, n.3 (6th Cir. 2009)("This argument is likely waived, as the government presented it for the first time on appeal."). However, even if the merits are addressed, I suggest that the result is the same.

Defendant Richards argues that since the "decision to bring charges against Plaintiff was brought by Prosecutor Rapp independent of any recklessness on the part of Cpl. Richards," "no malicious prosecution claim can be brought against Cpl. Richards." (*Id.*) Defendant cites the following federal and Michigan cases in support of his argument: *McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir. 2005), *citing Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir. 2002), and *Matthews v. Blue Cross and Blue shield of Michigan*, 456 Mich. 365, 384, 572 N.W.2d 603, 613 (1998).

In *McKinley,* the claim was for malicious prosecution in violation of the Fourth Amendment claim brought under 42 U.S.C. § 1983, not the state law tort of the same name. *McKinley*, 404 F.3d

at 445. Even if it had analyzed the state law tort of malicious prosecution, the case derives from Ohio, not Michigan. Similarly, the case it cites, *Skousen*, considered claims under § 1983 only, addressed only qualified immunity under § 1983 and addressed neither the state law claim of malicious prosecution nor the state law doctrine of governmental immunity. For all these reasons, and because these cases predate *Odom*, I suggest that *McKinley* and *Skousen* should not guide this analysis.

Defendant also cites the *Matthews* case wherein it the court did state that "in Michigan, the prosecutor's exercise of his independent discretion in initiating and maintaining a prosecution is a complete defense to an action for malicious prosecution." *Matthews*, 456 Mich. at 384.[2] What Defendant fails to mention, however, is that the plaintiff in *Matthews* sued a private individual, a Blue Cross and Blue Shield (BCBS) employee, not a publicly employed police officer, as in the instant case.[3]

---

[2]In *Matthews*, the investigation concerning Dr. Mathews were based on information submitted to the state police by a BCBS employee who was a financial investigator named Dennis Drake. After completing an investigation of alleged altered surgical reports used to create fraudulent claims with BCBS, the BCBS employee turned his reports over to the Michigan State Police. After several months, an assistant Oakland County Prosecutor authorized issuance of a warrant, the warrant was executed, a bench trial was held, and Dr. Matthews was acquitted. Dr. Matthews then filed a claim for malicious prosecution, under Michigan state law, against BCBS. The Michigan Supreme Court stated that "[w]hen a private person gives to a prosecuting officer information that he believes to be true, and the officer, in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable under the rule stated in this Section even though the information proves to be false and his belief was one that a reasonable man would not entertain'" *Matthews,* 456 Mich. at 385 (citations omitted). "On the other hand, if a private person gives to a prosecuting officer information that he knows to be false and the officer initiates criminal proceedings based upon that information, the informer may be held liable for malicious prosecution...because '[i]f ...the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving the false information.'" *Radzinski*, 677 N.W.2d at 797-98 (Markman, J., concurring in part in decision to deny leave).

[3]I note, however, that Michigan courts do not consistently abide by this distinction. E.g., *Walsh v. Taylor*, 263 Mich. App. 618, 627, 689 N.W.2d 506, 514 (2004)(applying prosecutorial discretion defense to a case against a defendant police officer), *compare Moldowan v. City of Warren*, 578 F.3d 351, 400 (6th Cir. 2009)(properly applying prosecutorial discretion defense to case where defendant was the complaining victim).

It is difficult for a plaintiff to prove a malicious prosecution claim against a private person in Michigan "and it is meant to be, since those who report a perception of crime should not be led by fear of liability to withhold information from police and prosecutors.'" *Radzinski v. Doe*, 469 Mich. 1037, 677 N.W.2d 796, 797 (2004)(citation omitted)(Markman, J., concurring in part in decision to deny leave).[4]  This same rationale does not apply when the defendant is part of that governmental law enforcement team.  In addition, since prosecutors are entitled to absolute immunity, if law enforcement officers were insulated from liability based on prosecutorial discretion, no claim for malicious prosecution would ever lie against any governmental actor and the entire body of qualified immunity law with respect to this tort, including the recent *Odom* case, would be without purpose.  I therefore find that the prosecutorial discretion defense is inapplicable to this defendant police officer.

## 2.  Applying *Odom's* qualified immunity test to state malicious prosecution claim

The Sixth Circuit's remand, and the purpose for this court's Order for further proceedings (Doc. 115,) was for the court to reconsider Defendant Richard's claim of Michigan governmental immunity with regard to Plaintiff's state law malicious prosecution claim using the standard set forth in *Odom v, Wayne County*, 482 Mich. 459, 760 N.W.2d 217 (2008).

In *Odom,* the Michigan Supreme Court provided specific steps a court is to take when a defendant raises the defense of individual governmental immunity.  First, the court must determine whether the defendant is one entitled to absolute immunity, such as a judge, legislator or the highest ranking executive official. *Odom*, 482 Mich. at 479.  Since Defendant Richards does not

---

[4]Those four elements are: "(1) the defendant initiated a criminal proceeding against the plaintiff; (2) the criminal proceedings terminated in the plaintiff's favor; (3) the private person who instituted or maintained the prosecution lacked probable cause; and (4) the prosecution was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice." *Radzinski v. Doe*, 469 Mich. 1037, 677 N.W.2d 796 (2004)(Markman, J., concurring in part in the decision to deny leave).

fit into one of those categories, the court must move to the next step and determine whether the plaintiff has pleaded an intentional or negligent tort. *Id.* Since malicious prosecution is an intentional tort,[5] the court must:

> determine whether the defendant established that he is entitled to individual governmental immunity under the *Ross* test by showing the following:
> (a) The acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority,
> (b) the acts were undertaken in good faith, or were not undertaken with malice, and
> (c) the acts were discretionary, as opposed to ministerial.

*Odom*, 482 Mich. at 480. Of course, this "good faith element of the *Ross* test is subjective in nature [and] [p]rotects a defendant's honest belief and good-faith conduct with the cloak of immunity while exposing to liability a defendant who acts with malicious intent." *Odom*, 482 Mich. at 481-82.

It is undisputed that Defendant Richards was acting during the course of his employment; therefore, Defendant Richards has met his burden as to the first factor. As to the third factor, "[a] police officer's determination regarding the type of action to take...constitute[s] discretionary action..." *Hart v. Danak*, No. 280975, 2010 WL 1404431 at *4 (Mich. App. Apr. 8, 2010), *citing Ross v. Consumers Power Co.*, 420 Mich. 567, 363 N.W.2d 641, 647 (1984). Therefore, Defendant Richards has also met his burden with respect to the third factor.

The second factor, whether Defendant Richards' acts were undertaken in good faith or were not undertaken with malice, is, I suggest, the controverted issue. At the threshold, "[p]olice officers who demonstrate a reckless disregard or indifference to another's rights do not act in good faith." *Bletz ex rel. Estate of Bletz v. Gribble*, 640 F. Supp. 2d 907, 925 (W.D. Mich. 2009), *citing*

---

[5]*Odom*, 482 Mich. at 480.

*Odom, supra.*  In determining the existence of malice, Michigan law holds that  the question of whether probable cause supports the actions at issue is the salient inquiry since "it is a recognized rule that malice may be inferred from want of probable cause..." *Matthews*, 456 Mich. at 378, n. 16, 572 N.W.2d at 610, n.14; *Miller v. Sanilac County*, 606 F.3d 240, 254 (6th Cir. 2010)(applying *Odom* to Michigan state law claim of malicious prosecution and holding that "[b]ecause malice may be inferred from absence of probable cause...there are genuine issues of material fact..."); *Piers v. Higgs*, No. 1:06-CV-135, 2007 WL 1341184, at *2 (W.D. Mich. May 4, 2007)(denying summary judgment on state law malicious prosecution claim where  genuine issue of material fact regarding whether officer had probable cause to stop plaintiff's vehicle); *McCollum v. Bahl*, 711 F. Supp. 2d 802, 815-16 (W.D. Mich. 2010)(denying summary judgment on Michigan state law malicious prosecution claim where officer's failure to investigate or disclose exculpatory information may have led to issuance of a warrant that lacked probable cause), *citing Flores v. Dalman*, 199 Mich. App. 396, 502 N.W.2d 725, 729 (1993).

In support of his assertion of good faith, Defendant Richards offers an affidavit from Prosecutor Rapp wherein he "unambiguously states that charges would have been brought against Plaintiff even if the timing and route of the bicycle ride were not included in the Warrant Affidavit." (Doc. 116 at 4, 8-9; Doc. 87 at 12.)  These assertions are, however, irrelevant to the issue of probable cause. *See Matthews*, 456 Mich. at 379(As to the "plaintiff's burden in a malicious prosecution case [] to make a prima facie showing that the defendant's agents lacked probable cause to believe that the plaintiff had committed a crime[,] [w]hether the prosecutor might have made a different decision is irrelevant to that issue.").

In the instant case, the Sixth Circuit affirmed the district court's findings that Plaintiff "made the requisite showing that [Defendant] Richards engaged in deliberate falsehood or reckless disregard for the truth...[and when] the offending provisions are redacted, the remaining allegations do not establish probable cause and no reasonable officer could conclude otherwise." (Doc. 113 at 12-15.)[6] Since malice may be inferred from a lack of probable cause, I therefore suggest that Defendant Richards has not met his burden as to this second factor and that summary judgment must therefore be denied.

### 3.    Conclusion

For all the reasons stated above, I recommend that Defendant's renewed Motion for Summary Judgment (Doc. 87) after remand, be **DENIED**.

## III.  <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  The parties

---

[6]I note that Defendant Richards states that "this Court has previously held" that the voice identification evidence was "at most...a negligent voice identification technique" and that the court has "made this ruling" that Defendant Richards acting in good faith or at least did not act with malice. (Doc. 116 at 12, citing Doc. 101 at 9.) He then argues that the law of the case doctrine applies.  I agree that the law of the case doctrine applies but I disagree Defendant Richards' characterization of the court's findings. Counsel conveniently overlooks Judge Ludington's quite unequivocal finding that "[alt]hough the Court disagrees with the magistrate judge's conclusions with respect to some statements included in the affidavit [i.e., the voice identification statements], the Court does agree with Judge Binder's ultimate conclusion that the affidavit's statements regarding the timing and route of Plaintiff's bike ride reveal a genuine issue of fact that the statements in the affidavit were made with reckless disregard for the truth." (Doc. 101 at 10.)

are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

 s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗

CHARLES E. BINDER

Dated: December 9, 2010                    United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served upon counsel of record via the Court's ECF System, and served on the following non-ECF participant via the United States Postal Service: Jeffrey A. Wolgast, 1161 Grove Street, Tawas City, MI 48763.

Date: December 9, 2010                    By    s/Patricia T. Morris
                                          Law Clerk to Magistrate Judge Binder