UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY A. WOLGAST,

        Plaintiff,

                                Case Number 05-10278-BC
v.                                     Honorable Thomas L. Ludington

JOHN RICHARDS,

        Defendant.

_____ /

## OPINION AND ORDER RESOLVING FINAL PRETRIAL MOTIONS

Following nearly six years of discovery and pretrial motion practice, this case will be presented to a jury beginning August 9, 2011. Plaintiff Jeffrey Wolgast's remaining claims allege false arrest in violation of the Fourth Amendment, false imprisonment in violation of the Fourth Amendment, malicious prosecution in violation of state law, and First Amendment retaliation against Defendant John Richards. Now before the Court are Plaintiff's motion requesting that the Court determine whether there was probable cause for his arrest rather than submit the question to the jury, Plaintiff's seven motions in limine, and Defendant's three motions in limine.

**Plaintiff's Motion in Limine # 1 [Dkt. # 132]:**

In his first motion in limine, Plaintiff requests that the Court prohibit Defendant from calling any witnesses or presenting any evidence because Defendant did not file his proposed final pretrial order on the docket. Defendant did, however, file a proposed final pretrial order through the utilities function and provide a copy to Plaintiff, as the Court directed. Moreover, even if Defendant did commit an error, it was harmless because Plaintiff promptly received a copy of the order. Accordingly, Plaintiff's first motion in limine will be denied.

**Plaintiff's Motion in Limine # 2 [Dkt. # 136]:**

In his second motion in limine, Plaintiff seeks to prohibit Defendant from calling Brandon and Bridget Wolgast (Plaintiff's son and wife) because they will not be able to provide relevant evidence. Although Brandon and Bridget Wolgast may have limited value as witnesses, they may still be called to testify as to what they said to Defendant on the night in question. Fed. R. Evid. 401. What Brandon and Bridget told Richards is relevant to whether he reasonably believed there was probable cause to arrest Plaintiff.

Additionally, the best evidence rule does not prohibit questioning a witness about her past statements merely because there is also an audio recording of those statements. *See United States v. Martin*, 920 F.2d 393, 397 (6th Cir. 1990). The audiotapes may well be the best evidence of what Brandon and Bridget said to Defendant that evening, but Defendant is still entitled to question them at trial about their own recollections of the evening. Accordingly, Defendant's second motion in limine will be denied.

**Plaintiff's Motion in Limine # 3 [Dkt. # 137]:**

In his third motion in limine, Plaintiff seeks to prohibit Defendant from calling Plaintiff as a witness, alleging that the proposed testimony Defendant seeks to elicit from Plaintiff is not relevant.

Plaintiff suggests that Defendant may not ask Plaintiff about Plaintiff's interactions with Officer Ferguson on the night in question because there is no evidence in the record which suggests Officer Ferguson shared the information he learned from Plaintiff with Defendant before Plaintiff's arrest. Probable cause depends on Defendant's knowledge at the time he completed the affidavit that ultimately led to Plaintiff's arrest. Defendant may ask Plaintiff about his interactions with

Ferguson and other officers only to the extent those other officers shared that information with Defendant before the affidavit was completed. For the purposes of determining probable cause, only what Defendant Richards knew at the time he completed the affidavit is relevant.

Plaintiff also seeks to exclude questions about Plaintiff's interactions with Parent. Defendant agrees that Plaintiff's interactions with Parent are of limited relevance because he was not on duty at the time of the arrest. Again, for the purposes of determining probable cause, what is relevant is what Defendant Richards knew at the time he completed the affidavit.

Plaintiff also objects to questions about his interactions with Chief Frank. The nature of his objection is not clear from the motion. As Defendant emphasizes in his response, he should be permitted to ask Plaintiff any relevant questions.

Finally, Plaintiff also objects to questions about his interactions with Defendant Richards because those interactions were recorded. The fact that the interactions were recorded does not mean Defendant cannot ask about them. *Martin*, 920 F.2d at 397. Accordingly, Plaintiff's third motion in limine will be granted in part and denied in part.

## Plaintiff's Motion in Limine # 4 [Dkt. # 138]:

In his fourth motion in limine, Plaintiff objects to the testimony of three 911 dispatchers.

Plaintiff first objects to their testifying regarding their personal memories of recorded conversations. The fact that the interactions were recorded does not mean Defendant cannot ask about them. *Martin*, 920 F.2d at 397. The dispatchers may also testify from personal knowledge whether they recognized the voice of the caller who made the bomb threat and whether that voice sounded like Plaintiff or Brandon Wolgast, provided they are familiar with Plaintiff's and Brandon's voices. They may also testify as to the information they provided to Defendant during his

investigation.  Accordingly, Plaintiff's fourth motion in limine will be denied.

**Plaintiff's Motion in Limine # 5 [Dkt. # 139]:**

In his fifth motion in limine, Plaintiff challenges the scope of the testimony that may be offered by Chief Frank and officers Parent and Ferguson.

Plaintiff contends that his interactions with Chief Frank concerning Plaintiff's FOIA requests and his interactions with Chief Frank before the night of the incident are irrelevant to the question of probable cause for arrest.  Defendant agrees.  Chief Frank may nevertheless be called to answer other relevant questions.  Plaintiff objects generally to Chief Frank's testimony on relevancy grounds, but without knowing what that testimony will be it is impossible to judge whether it will be relevant.  Chief Frank can offer any relevant testimony, and Plaintiff may object at the time of trial if his testimony exceeds the limited boundaries imposed by Rule 401.  For example, Chief Frank's interactions with Plaintiff after his arrest are not relevant to whether Defendant had probable cause to arrest Plaintiff.

Similarly, Parent may also offer any relevant testimony.  Plaintiff's general objection to Parent's testimony is unfounded.  Any recorded interactions between Plaintiff and Parent will be treated the same as all other recorded interactions at issue in this case.

Again, Ferguson may also offer any relevant testimony.  Ferguson's interactions with Plaintiff following his arrest are not relevant to the probable cause determination.  Similarly, Ferguson's interactions with Plaintiff before the arrest are only relevant to the extent that Defendant was made aware of them.

Finally, police officers can testify as to their personal knowledge about police procedures and the probable cause requirement even though they are not expert witnesses.  They may not,

however, answer hypothetical questions or offer opinion testimony concerning their beliefs as to whether there was probable cause to arrest Plaintiff. Accordingly, Plaintiff's fifth motion in limine with be granted in part and denied in part.

**Plaintiff's Motion in Limine # 6 [Dkt. # 140]:**

Plaintiff's sixth motion in limine seeks to exclude the testimony of the county prosecutor, Rapp.

Plaintiff first contends that the defense of prosecutorial discretion was waived because it was not raised in Defendant's first motion for summary judgment. [Dkt. # 122]. Prosecutorial discretion was, however, raised in Defendant's first motion for summary judgment. [Dkt. # 15]. Moreover, even if it were not, failing to raise a defense at the summary judgment phase does not necessarily mean it is waived at trial. *English v. Dyke*, 23 F.3d 1086, 1090 (6th Cir. 1994).

Plaintiff also contends that Rapp's testimony about prosecutorial procedures and probable cause determinations should be prohibited because Rapp was not identified as an expert. As a prosecutor, Rapp can testify as to the office's usual procedures, but he may not answer hypothetical questions about probable cause determinations or offer his opinion as to whether there was probable cause to arrest Plaintiff in this case.

Finally, it is not "frivolous" for Defendant to call Rapp as a witness and Plaintiff is not entitled to his costs for bringing this motion. Accordingly, Plaintiff's sixth motion in limine will be granted in part and denied in part.

**Plaintiff's Motion in Limine # 7 [Dkt. # 141]:**

In his seventh motion in limine, Plaintiff contends that Defendant should be precluded from introducing the audiotape of the bomb threat to compare with audiotapes of other calls to dispatch

that Plaintiff admits making.  Plaintiff contends that admission of the tapes for the purpose of comparing the caller's (or callers') voice(s) should be prohibited because Defendant Richards is "unable to accurately reproduce exactly what he heard when he made the voice comparison[.]"  The problem apparently stems from the decreasing quality of the magnetic tape used to make the recordings and the variable speed of the machines used to play them back.

While audiotapes must be "authentic, accurate, and trustworthy" to be admissible, *United States v. Robinson*, 707 F.2d 872, 876 (6th Cir. 1983) (quoting *United states v. Haldeman*, 559 F.2d 31 (D.C. Cir. 1976)), they need not "reproduce exactly" what was said.  The jury will be permitted to listen to the tapes and compare the callers' voices.  Plaintiff may cross-examine witnesses and make necessary arguments during closing as to the evidentiary value of the tapes.  The fact that the jury will not hear "exactly" what Richards heard when he was making his probable cause determination may diminish the value of the tapes, but it does not make them inadmissible. Accordingly, Plaintiff's seventh motion in limine will be denied.

**Plaintiff's motion for Court to make the determination**
**as to whether probable cause existed [Dkt. # 131]:**

Plaintiff's final pretrial motion asks the Court use a special verdict form with regard to the probable cause question.  Plaintiff suggests that a verdict form with a series of fact questions should be used and that the Court should make the legal determination as to probable cause based on the answers to the fact questions provided by the jury.  In support of his motion, Plaintiff cites the Michigan Civil Jury Instruction for malicious prosecution.

While the existence of probable cause is a question of law, it often depends on the resolution of several fact issues.  *See Hale v. Kart*, 396 F.3d 721, 728 (6th Cir. 2005) ("When no material dispute of fact exists, probable cause determinations are legal determinations that should be made

by a court.") (citing *Stewart v. Sonneborn*, 98 U.S. 187, 194 (1878)) (additional citations omitted).

In this case, resolution of several disputed issues of fact must be completed before probable cause

can be determined. In its instructions, the Court will explain to the jury the probable cause standard

and let them determine if the facts, as they find them, support a determination of probable cause.

The Court will also include special interrogatories asking the jury to make several specific factual

determinations. Those interrogatories, along with the rest of the jury instructions, will be provided

to both parties in advance of trial so that they have an opportunity to make objections or suggest

additions. Accordingly, Plaintiff's motion requesting that the Court determine whether there was

probable cause to arrest Plaintiff will be granted in part and denied in part.

**Defendant's Motion in Limine # 1 [Dkt. # 144]:**

In his first motion in limine, Defendant contends that any damages awarded to Plaintiff

should be limited to $3,041.74 because that is the only amount identified by Plaintiff in his amended

initial disclosures. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), the parties have an

obligation to disclose

a computation of each category of damages claimed by the disclosing party—who must also make
available for inspection and copying as under Rule 34 the documents or other evidentiary material,
unless privileged or protected from disclosure, on which each computation is based, including
materials bearing on the nature and extent of injuries suffered.

If a party does not disclose information that must be disclosed under Rule 26(a), "the party is not

allowed to use that information or witness to supply evidence on a motion, at hearing, or at trial,

unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c); *Dickenson v.*

*Cardiac & Thoracic Surgery of E. Tenn.*, 398 F.3d 976, 983 (6th Cir. 2004).

Although Plaintiff only identified $3, 041.74 in economic damages, his initial disclosures

also indicate that his is seeking non-economic damages, including compensation for public

humiliation, anxiety, and mental distress.  The "computation" required by Rule 26(a)(1)(A)(iii) does not mean that plaintiffs must identify a specific sum to compensate them for injuries that are difficult to categorize, like anxiety or mental distress.  The amount of compensation that should be awarded for such an injury may appropriately be left to the jury.  *See Richardson v. Rock City Mech. Co.*, No. 9-09-0092, 2010 WL 711830, at *2–3 (M.D. Tenn. Feb. 24, 2010).  Moreover, although a specific amount was not included in the initial disclosures, Defendant did receive notice that Plaintiff intended to seek such damages and the notice was supplemented by an April 18, 2011 settlement demand, which did list specific amounts.  [Dkt. # 154-C].  Thus, any error in Plaintiff's initial disclosures is harmless and Defendant's first motion in limine will be denied.

**Defendant's Motion in Limine # 2 [Dkt. # 145]:**

In his second motion in limine, Defendant contends that Plaintiff should not be permitted to questions Defendant or the other police officers about proper police procedures and whether Defendant followed proper procedures during this incident.  As Defendant emphasizes, violation of a department policy or even a state statute cannot, by itself, sustain a § 1983 action.  *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995).  Moreover, there is no *Monell* claim, nor is there an institutional defendant that might make the agency's policies and procedures relevant.  As a result, whether Defendant followed the police department's procedural rules with respect to Plaintiff's arrest is not directly relevant.

Plaintiff, however, contends that he should be entitled to inquire whether Defendant violated the police department's policy because it reflects on Defendant's credibility.  Specifically, Plaintiff implies that he will ask whether the department's policy requires officers to include only true and accurate information in police reports.

-8-

Although whether there is a department policy requiring honesty when completing police reports, and whether Defendant complied with that policy, are of marginal relevance to the case, a limited inquiry will be permitted during cross examination.  Plaintiff may ask a limited number of questions about police procedures and Defendant's compliance with those procedures for the purpose of challenging Defendant's credibility as long as the questions do not result in undue delay or needless presentation of cumulative evidence.  Fed. R. Evid. 403.  Accordingly, Defendant's second motion in limine will be granted in part and denied in part.

**Defendant's Motion in Limine # 3 [Dkt. # 146]:**

In his third motion in limine, Defendant contends that Plaintiff is seeking to recover separate damages for each cause of action, which would lead to multiple recoveries for the same injury.  "A party is not entitled to recover twice for the same loss, even if the party would otherwise be able to recover for that loss under separate theories of liability. . . . [B]ut the jury is not prohibited from allocating a total damage award between different theories of recovery."  *Johnson v. Howard*, 24 F. App'x 480, 484–85 (6th Cir. 2001) (citations omitted).

Thus, Defendant correctly emphasizes that Plaintiff is not entitled to recover for the same injury if he prevails on more than one cause of action—he cannot, for example, recover the economic damages he has identified for each cause of action.  Plaintiff may, however, argue that he is entitled to recover separate non-economic damages for each distinct injury, and the jury may apportion damages between each cause of action after being instructed that Plaintiff cannot recover twice for the same injury.  *Id.*  Accordingly, Defendant's third motion in limine is granted in part and denied in part.

Accordingly, it is **ORDERED** that the Plaintiff's first, second, fourth, seventh, and Defendant's first motions in limine [Dkt. # 132, 136, 138, 141, 144] are **DENIED**.

It is further **ORDERED** that Plaintiff's third, fifth, sixth, Defendant's second and third motions in limine, and Plaintiff's motion for the court to determine probable cause [Dkt. # 131, 137, 139, 140, 145, 146] are **GRANTED IN PART AND DENIED IN PART**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 5, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 5, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

---