UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY A. WOLGAST,

      Plaintiff,

                                                              Case Number 05-10278-BC

v.                                                     Honorable Thomas L. Ludington

CORPORAL JOHN RICHARDS,

      Defendant.
_____ /

**ORDER ADMINISTRATIVELY STAYING CASE**

      Three months before this case was set to go trial, Defendant John Richards made an offer of judgment to Plaintiff Jeffrey Wolgast, offering him $25,000 to resolve the case. Plaintiff refused. The case proceeded to trial, where a verdict was returned in Defendant's favor. A short time later, Defendant moved for costs pursuant to Federal Rule of Civil Procedure 68. He seeks the attorney fees incurred after the offer was made, nearly $87,000. Plaintiff then filed a Chapter 13 bankruptcy petition. Two weeks later, Plaintiff served a Rule 11 motion on Defendant, moving to strike the Rule 68 motion as frivolous because Defendant did not personally pay the attorney fees, his insurer did. Defendant, in turn, notified this Court of the filing of bankruptcy petition and his receipt of the Rule 11 motion. Conceding that the Rule 68 motion is automatically stayed because of the bankruptcy filing, Defendant asserted that Plaintiff's Rule 11 motion is stayed as well. Plaintiff responded, agreeing that the Rule 68 motion is stayed, but arguing that the Rule 11 motion is not.

      Plaintiff's argument presents an issue of first impression: May a debtor, after filing a Chapter 13 bankruptcy petition, move for Rule 11 sanctions in a pending case when the subject matter of the motion has been automatically stayed? Under the particular circumstances of this

case, the Court concludes that Plaintiff should not be permitted to do so. Notwithstanding the nominal designation as a Rule 11 motion, in substance Plaintiff is challenging Defendant's Rule 68 motion as not only lacking merit, but wholly lacking merit. As Defendant's motion has been stayed by the bankruptcy proceedings, however, Plaintiff's challenge to the merits of that motion ought to be deferred until the stay is lifted or the bankruptcy proceedings are terminated. Accordingly, until that time, Defendant's Rule 68 motion is stayed and Plaintiff's Rule 11 motion is held in abeyance.

I

In 2005, Plaintiff Jeffrey Wolgast filed suit against the Tawas Police Authority, Police Chief Dennis Frank, Sergeant Steven Parent, and Corporal John Richards. Appearing pro persona, Plaintiff alleged that after he complained about noise emanating from a local bar, Defendants wrongfully arrested, falsely imprisoned, and maliciously prosecuted him. In 2006, the Court dismissed the claims against the Tawas Police Authority and Chief Frank. ECF No. 35. Two years later, the Court dismissed the claims against Sergeant Parent, leaving Corporal Richards as the sole remaining defendant. ECF No. 10.

In April 2011, Defendant made an offer of judgment pursuant to Rule 68, offering Plaintiff $25,000 to settle the case. Plaintiff declined the offer. On August 9, 2011, trial began. Three days later, the jury returned a verdict in Defendant's favor. ECF No. 169.

Defendant then moved for $86,610 in costs pursuant to Rule 68, which provides in pertinent part: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). "[B]ecause Plaintiff failed to accept the Offer of Judgment in this case, and since the

jury returned a verdict in favor of Defendant, it is clear that Plaintiff is obligated to pay costs, which include attorney fees," Defendant argued. Def.'s Mot. for R. 68 Sanctions ¶ 6, ECF No. 171.

On October 7, 2011, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Michigan. On October 21, Plaintiff served a Rule 11 motion for sanctions on Defendant, alleging that the Rule 68 motion was frivolous. Conceding that he himself is not entitled to attorney fees, as he has proceeded pro se throughout the litigation, Plaintiff argued that Defendant is likewise not entitled to attorney fees because "Defendant has insurance to cover attorney fees." Pl.'s Mot. for R. 11 Sanctions ¶ 5, ECF No. 178. Plaintiff therefore requested that the Court "appropriately sanction" Defendant "for filing a frivolous motion based on factually false contentions." *Id*. at 4.

On October 28, 2011, Defendant presented the Court notice of Plaintiff's bankruptcy filing and notice of Plaintiff's service of the motion for Rule 11 sanctions. ECF No. 176. Conceding that his Rule 68 motion is automatically stayed incident to the bankruptcy filing, Defendant wrote: "[W]hile not currently on the Court's electronic docket, Defendant was served with Plaintiff's motion for Rule 11 Sanctions on or about October 21, 2011." Def.'s Notification of Bankruptcy Filing ¶ 4, ECF No. 176. Defendant elaborated "that, given Plaintiff's pending bankruptcy petition, Defendant does not believe that this Court has jurisdiction over this claim unless and until the Bankruptcy Court removes this case from the bankruptcy stay. Similarly, Defendant does not believe that Plaintiff has standing to bring this motion, as the motion would properly be property of the bankruptcy estate." Def.'s Resp. to Pl.'s Mot. 1, ECF No. 181.

On October 31, Plaintiff filed his motion for Rule 11 sanctions with this Court. ECF Nos. 177, 178. He then responded to Defendant's notice, agreeing that the bankruptcy petition stayed Defendant's Rule 68 motion, but disagreeing about whether the Court may rule on Plaintiff's own sanctions motion. ECF No. 180. In responding to Defendant's motion, Plaintiff did not address Defendant's stay argument; rather, Plaintiff proceeded directly to Defendant's standing argument. Plaintiff asserted that because "an imposed sanction 'may include nonmonetary directives,' such directives do not constitute tangible property, and thus do not become property of the estate." Pl.'s Resp. to Def.'s Mot. to Stay 2, ECF No. 180. Plaintiff requested that the Court "strike" the pleading and further "appropriately sanction" Defendant and his attorneys. Pl.'s Reply Supp. Mot. for R. 11 Sanctions 4, ECF No. 182.

**II**

As a threshold matter, this Court has jurisdiction to determine whether the pending Rule 11 motion is subject to the automatic stay. That is, the Court possesses jurisdiction to determine whether the bankruptcy filing stayed this Court's authority to decide the pending motions. *See In re Baldwin-United Corp.*, 765 F.2d 343, 347 (2d Cir. 1985) ("The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay."); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1106–07 (9th Cir. 2005) (collecting cases). The two arguments raised by Defendant are addressed in turn.

**A**

As noted, whether a plaintiff who has filed a Chapter 13 bankruptcy petition may move for Rule 11 sanctions against a defendant in an unrelated, pending suit appears to be an issue of

first impression. The text of the rule does not expressly address the issue. In pertinent part, it simply provides:

> If, after notice and a reasonable opportunity to respond, the court determines that [the certification requirement] of Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. . . . A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).

Fed. R. Civ. P. 11(c)(1)–(2). To answer the question, therefore, an understanding of the purpose of the rule is necessary.

The law is now well-settled that Rule 11 is designed to curb "abusive litigation practices" through certification requirements and sanctions for violations. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393(1990). But designed for whom? That is, is the rule designed to protect private parties, thus creating an entitlement, a property interest, to be free from frivolous pleadings? *Cf. Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972) (noting that property interests involve "legitimate claim[s] of entitlement"). Or is it designed to protect public interests, in effect authorizing litigants to act as private attorneys general to police the rule's requirements? *See generally* Jeffrey A. Parness, *The New Method of Regulating Lawyers: Public and Private Interest Sanctions During Civil Litigation for Attorney Misconduct*, 47 La. L. Rev. 1305, 1305–06 (1987), *quoted in* Wright & Miller, *Federal Practice & Procedure* § 1332. The answer, prior to 1993, was generally thought to be both, with the emphasis on the private interests. As one commentator noted prior to the 1993 amendments,

> [Courts] utilize their [Rule 11] authority over lawyers during litigation to achieve two distinct ends. The more common goal is to provide redress to opposing parties and others injured by an attorney's litigation misconduct. The other, less common goal is to promote societal interests by providing a remedy to the public at large for the same, or comparable, activity.

*Id.* In 1993, however, the rule was revised to clarify that its central purpose is deterrence, not compensation, with the revised Rule 11 providing in pertinent part:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4). *See also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393(1990) ("[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts."). Elaborating on the "nonmonetary directives," the notes explain:

> The court has available a variety of possible sanctions to impose for violations, such as striking the offending paper; issuing an admonition, reprimand, or censure; requiring participation in seminars or other educational programs; ordering a fine payable to the court; referring the matter to disciplinary authorities (or, in the case of government attorneys, to the Attorney General, Inspector General, or agency head), etc. . . .
>
> Since the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty. However, under unusual circumstances . . . deterrence may be ineffective unless the sanction not only requires the person violating the rule to make a monetary payment, but also directs that some or all of this payment be made to those injured by the violation. Accordingly, the rule authorizes the court, if requested in a motion and if so warranted, to award attorney's fees to another party. Any such award to another party, however, should not exceed the expenses and attorneys' fees for the services directly and unavoidably caused by the violation of the certification requirement.

Fed. R. Civ. P. 11 advisory committee notes (1993 amend.). As revised, therefore, the rule protects private interests, but this protection is incident to its primary purpose of policing pleadings.[1]

---

[1] Although principally designed to deter, Rule 11 maintains the traditional standing requirements of injury in fact. *Compare Wright v. Compgeeks.com*, 357 F. App'x 979, 980 (10th Cir. 2009) (ruling attorney had standing

-6-

Defendant's argument that only the estate has standing to pursue the claim is unpersuasive, particularly on these facts. Because Plaintiff is proceeding pro se, he cannot seek attorney fees incurred in responding to the motion. Thus, the Court cannot award compensation to the Plaintiff, it may only penalize Defendant. This is not to suggest that sanctioning Defendant could not benefit Plaintiff. Striking the Defendant's motion, for example, would eliminate tens of thousands of dollars of Plaintiff's potential liabilities. As discussed next, however, ordering such a remedy would require the Court to rule on the merits of a motion that has been stayed. Therefore, as explained below, the Court concludes that although the bankruptcy filing does not automatically stay Plaintiff's motion, the motion should be held in abeyance until the bankruptcy proceedings are terminated or the stay is lifted.

### C

The law is now well-established that a court need not have subject matter jurisdiction over the principal cause of action to order Rule 11 sanctions, as a motion for sanctions raises a "collateral issue: whether the attorney has abused the judicial process." *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992). In *Willy*, for example, the district court concluded it had federal subject matter jurisdiction over the complaint, dismissed it for failure to state a claim, and imposed sanctions. *Id.* at 132–33. The Fifth Circuit reversed the determination regarding subject matter jurisdiction, but affirmed the imposition of sanctions. *Id.* at 133. The Supreme Court then "granted certiorari to decide whether a federal district court may impose sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure in a case in which the district court is later determined to be without subject-matter jurisdiction. *Id.* at 132. Answering in the

---

to appeal sanction imposed against him), *with Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 564 (7th Cir. 2008) (ruling client did not have standing to appeal sanction imposed against his attorney).

affirmative, the Court concluded: "Such an order implicates no constitutional concern because it does not signify a district court's assessment of the legal merits of the complaint. It therefore does not raise the issue of a district court adjudicating the merits of a case or controversy over which it lacks jurisdiction." *Id*. (internal quotation marks omitted) (quoting *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 396 (1990)).

In this case, both parties correctly conclude that Defendant's Rule 68 motion is automatically stayed pursuant to 11 U.S.C. § 362. That section provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case." § 362(a)(1). The automatic stay is intended to assist the bankruptcy court by permitting the debtor to organize his affairs. Indeed, to that same end, the bankruptcy court may grant relief from the automatic stay in order to resolve or liquidate claims.

Defendant's Rule 68 motion, which seeks nearly $87,000 in attorney fees from Plaintiff, was filed a month before Plaintiff commenced the bankruptcy case. Thus, the continuation of Defendant's proceeding against Plaintiff is automatically stayed because of the bankruptcy filing. This much is settled law.

The open question — one which no reported decision has addressed — is whether the stay also divests a court of jurisdiction over a debtor's Rule 11 motion alleging that a stayed motion should be sanctioned. That is, if § 362 stays the potential creditor's motion (frivolous or not), does it also stay the potential judgment debtor's response to the motion, if the response

takes the form of a Rule 11 motion? On the particular facts of this case, the Court concludes that the question must be answered in the affirmative. The Rule 11 motion will be held in abeyance.

Not only did the 1993 amendments to Rule 11 clarify its purpose, they substantively (and controversially[2]) revised its application, changing a significant "shall" to a "may." Formerly, Rule 11 provided: "If a pleading, motion, or other paper is signed in violation of this rule, the court . . . shall impose . . . an appropriate sanction." Fed. R. Civ. P. 11 (repealed 1993). The revised rule, in contrast, provides: "[T]he court may impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1). As amended, the rule thus "affords the district court the discretion to award sanctions." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510 (6th Cir. 2002). *See generally* Robert Kohn, *U.S. Judicial Conference Against Legislation to Encourage Sanctions Motions*, 59 Fed. Law. 1, 4 (2012) (noting that a bill is pending to repeal parts of Rule 11 that provide the twenty-one day safe harbor provision and afford the court discretion regarding the imposition of sanctions).

Moreover, "the judge need not impose them posthaste." Wright & Miller, *supra*, § 1336. The advisory committee notes explain: "The revision leaves for resolution on a case-by-case basis, considering the particular circumstances involved, the question as to when a motion for violation of Rule 11 should be served and when, if filed, it should be decided." Fed. R. Civ. P. 11 advisory committee note (1993 amend.).

In this case, deferring a decision on the motion until the bankruptcy stay has been lifted is particularly appropriate as Plaintiff's Rule 11 motion is, substantively, simply a means to

---

[2] *See* 1993 Amendments to the Rules of Civil Procedure, 146 F.R.D. 401, 508 (Scalia, J., dissenting) ("Proposed subsection (c) makes the issuance of any sanction discretionary, whereas currently it is required. Judges, like other human beings, do not like imposing punishment when their duty does not require it, especially upon their own acquaintances and members of their own profession. They do not immediately see, moreover, the system-wide benefits of serious Rule 11 sanctions.").

challenge the merits of Defendant's Rule 68 motion. Contending that Defendant lacks standing to seek attorney fees that he did not personally pay, Plaintiff asks the Court to strike Defendant's motion. Essentially, Plaintiff argues that the motion should be dismissed for failure to state a claim. He argues that "Defendant, by his own admission, now agrees that it was [the insurer] who 'incurred' the attorney's fees . . . . Plaintiff argues that this admission, by its very nature, is an admission that Defendant's factual claim . . . is indeed frivolous." Pl.'s Reply ¶ 6. Contesting Defendant's legal argument, Plaintiff writes:

> Defendant also argues that the insurance company "stands in the shoes of the insured" for the purposes of recovering attorney's fees and cites the case of Universal Underwriters Insurance Co. v. Ford Motor Company in support of his argument. However, what Defendant fails to point out is that in that case, the insurance company was the plaintiff, and thus, was the party seeking the order. In the instant case, it is Defendant himself, not the insurance company, who is seeking the order.

*Id*. ¶ 8. In sum, Plaintiff contends that accepting the factual assertions of Defendant's Rule 68 motion as true, as a matter of law he is not entitled to relief.[3] Yet Plaintiff agrees that the Rule 68 motion is subject to the automatic stay. Awarding Plaintiff the relief he seeks in his Rule 11 will necessarily rule on the merits of Defendant's motion. That is, to decide the "collateral issue: whether the attorney has abused the judicial process," the Court must decide the principal issue:

---

[3] As an aside, it should be noted that because Plaintiff's motion simply challenges the merits of Defendant's motion, rather than stating an independent claim for relief, the Supreme Court decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011) is not implicated. In *Stern*, the widowed Ms. Vickie Lynn Marshall (popularly known as Anna Nicole Smith) sought bankruptcy protection. Her late husband's adult son filed a complaint in the bankruptcy proceeding, alleging Ms. Marshall had defamed him. Ms. Marshall filed a counterclaim for tortious interference with the gift she expected from her late husband, half of his estate. The bankruptcy court granted judgment in Ms. Marshall's favor, awarding her than $425 million in damages. The son appealed, contending that the bankruptcy court lacked jurisdiction over the counterclaim. Agreeing, the Supreme Court wrote: "When a suit is made of 'the stuff of the traditional actions at common law tried by the courts at Westminster in 1789,' and is brought within the bounds of federal jurisdiction, the responsibility for deciding that suit rests with Article III judges in Article III courts." *Id*. at 2609 (quoting *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co*., 458 U.S. 50, 90 (1982) (Rehnquist, J., concurring in judgment)). The Court concluded: "The Bankruptcy Court below lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." *Id*. at 2621. In this case, Plaintiff's Rule 11 motion raises not a counterclaim, but a defense to Defendant's motion. Accordingly, the limitation articulated in *Stern* is not implicated in this case.

the merits of the Rule 68 motion. This is not the type of collateral review that the Court contemplated in *Willy*. Therefore, in light of the particular circumstances of this case, a decision on the Rule 11 motion will be deferred pending the resolution of the bankruptcy proceeding.

### III

Accordingly, it is **ORDERED** that the case is **STAYED** in accordance with 11 U.S.C. § 362 until the Bankruptcy proceedings in question are terminated or the stay is lifted. Defendant's Rule 68 motion (ECF No. 171) is stayed. Plaintiff's Rule 11 motion (ECF Nos. 177, 178) is held in abeyance.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: January 18, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 18, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS

---